**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**DAVID JANSEN, doing business as
Belle City Industrial Park, and
BELLE CITY INDUSTRIAL PARK, LTD.,**
        **Plaintiffs,**

    v.                                    **Case No. 08C0989**

**VILLAGE OF MOUNT PLEASANT, and
MET-AL, INC.,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff David Jansen ("Jansen"), the owner of Belle City Industrial Park ("Belle City"), and Belle City brought this § 1983 action in state court against the Village of Mount Pleasant ("the Village") and Met-Al, Inc. ("Met-Al"), the owner of property adjacent to Belle City. Plaintiffs alleged that the Village violated their right to equal protection by treating Belle City differently than other properties regarding sewer service, primarily by overcharging it some $40,000 between 2003 and 2006. Plaintiffs also brought state law negligence claims against the Village and a state law unjust enrichment claim against Met-Al. The Village removed the case based on the presence of a federal question and now moves for summary judgment.

### I. FACTS

The Belle City property has been in Jansen's family since 1971, and Jansen has managed it since 1993. During most of the time relevant to this lawsuit, Belle City covered about sixteen acres and housed a variety of different businesses. Belle City and Met-Al, a property that covered about seven acres, shared a sanitary sewer pipe which discharged into a manhole on an adjacent street. However, Belle City and Met-Al received separately

metered water service. The sewer pipes and infrastructure under the Belle City property were very old and made of clay. They also were uniquely laid out and had many illegal connections. As a result, Village officials believed that a great deal of rainwater was entering them through inflow and infiltration ("I&I"). Clear water entering sewer pipes through I&I is a considerable burden on and problem for a municipal sewerage system.

In 1997, the Village embarked on a project of installing new sewer pipes and infrastructure in the Belle City area. Because of its concern about I&I at Belle City, the Village asked Jansen if it could televise the Belle City sewer system (by installing a camera in it) so that it could determine how much I&I was actually entering the system. Jansen refused the request, apparently because he mistrusted the Village. Because Jansen refused to allow the Village to measure the I&I at Belle City, the Village advised him that it would install a meter where the Belle City/Met-Al sewer line connected to the public system. Instead of billing Belle City for sewer service based on water usage as it billed most property owners, the Village stated that it would determine Belle City's sewer bill based on what the meter showed. This meant that Belle City would be billed for the I&I that entered the system. The I&I would equal the amount by which the water flowing out of the Belle City/Met-Al line exceeded Belle City and Met-Al's total metered water consumption.

In 2002, Jansen hired a company to televise his sewer pipes in the hopes of establishing that Met-Al was responsible for most of the I&I, but the Village and a consultant that it hired found the company's report unpersuasive. However, on two occasions between 2002 and 2004, the Village did reimburse Belle City for several thousand dollars in overcharges.

I will state additional facts in the course of the opinion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In assessing a summary judgment motion, I take all facts and all reasonable inferences therefrom in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Plaintiffs' equal protection claim is not of the traditional sort but rather is a "class of one" claim. See, e.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In order to prevail on a class of one claim, plaintiffs must show that the Village intentionally treated them differently than others similarly situated and that such differential treatment was without a rational basis. Id. at 564. The Seventh Circuit has acknowledged that "it is difficult to succeed with such a claim." McDonald v. Vill. of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004). Plaintiffs do not succeed in the present case. I conclude that no reasonable jury could find in their favor and that therefore the Village's summary judgment motion must be granted.

Plaintiffs first contend that the Village intentionally treated Belle City differently than similarly situated properties by requesting to televise its sewer lines, by installing a sewage meter to measure its wastewater outflow and by charging it based on such outflow rather than on its water consumption. However, to satisfy the similarly situated requirement,

3

plaintiffs must establish that the alleged similarly situated property or properties are "prima facie identical in all relevant respects." Purze v. Vill. Of Winthrop Harbor, 286 F.3d 452, 455 (7th Cir. 2002). This requirement is a high bar because "[v]arious factual traits, circumstantial nuances, and peculiarities can set entities apart, rendering them, by virtue of their differences, amenable to disparate treatment." Racine Charter One, Inc. v. Racine Unified Sch. Dist., 424 F.3d 677, 681 (7th Cir. 2005). "Evidence of similarity requires specificity." Srail v. Vill. of Lisle, 588 F.3d 940, 946 (7th Cir. 2009) (citing Maulding Dev., LLC v. City of Springfield, 453 F.3d 967, 971 (7th Cir. 2006)). Plaintiffs fail to satisfy this requirement. Plaintiffs present no evidence that the Village treated a property or properties identical to Belle City in all relevant respects differently than Belle City. Plaintiffs identify no property the same size or age as Belle City or a property that had the same type of businesses located on it or that had the same configuration of sewer pipes or that had an infrastructure made of clay. Nor do plaintiffs identify any property about which the Village officials had the same concerns regarding I&I that they had about Belle City. Further plaintiffs identify no property whose owner refused to allow the Village to televise its sewer pipes so that it could determine the amount of I&I entering its system.

Even assuming that plaintiffs satisfied the similarly situated requirement, they fail to satisfy the second requirement of a class of one claim, namely that the Village acted without a rational basis. To satisfy this requirement, plaintiffs must

> negative any reasonably conceivable state of facts that could provide a rational basis for the classification . . .. Animus thus comes into play only when no rational reason or motive being imaginable for the injurious action taken by the defendant against the plaintiff, the action would be inexplicable unless animus had motivated it.

4

Lauth v. McCollum, 424 F.3d 631, 634 (7th Cir. 2005) (quoting Bd. of Trs. v. Garrett, 531 U.S. 356, 367 (2001). No reasonable jury could conclude that the Village lacked a rational basis for its treatment of Belle City. As early as 1992, the Village had concerns that Belle City's sewage system was deteriorating and that it violated the plumbing code and other ordinances. Further, Jansen's refusal to allow the Village to televise Belle City's system at the Village's expense so that it could assess the integrity of the system made it reasonable for the Village to attribute the I&I in the Belle City/Met-Al pipe to Belle City. Jansen's attempt to justify his refusal by stating that he did not trust the Village is unworthy of serious consideration.

Further, the Village's actions were rational given its need to control I&I into the sanitary sewer. In 2002, the Village signed an agreement with other Racine area municipalities that required each of them reduce I&I by ten percent. Thus, the Village had good reason to take steps to reduce the amount of clear water entering the sanitary sewer system; measuring the flow of water at the sanitary sewer and billing according to that measurement was a reasonable way of meeting such an objective.

Nor do plaintiffs present any evidence that the Village had an animus toward them. A municipality has a legitimate interest in monitoring and reducing or eliminating clear water in its sanitary sewer system. Moreover, on several occasions, the Village credited Belle City for overcharges.

Thus, plaintiffs' class of one equal protection claim fails and the Village's motion for summary judgment with respect to that claim will be granted. Pursuant to 28 U.S.C. § 1367(c), I decline to exercise supplemental jurisdiction over plaintiffs' state law claims.

Therefore,

**IT IS ORDERED** that defendants' motion for summary judgment regarding plaintiffs' equal protection claim is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 23 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge